IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00886-PAB-TPO

CHRISTOPHER C. HENDERSON,

Plaintiff,

v.

CHRISTENSEN,
MCGAUGH,
MORROW, and
ROBERTS,

Defendants.

---

**RECOMMENDATION**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

Before this Court is the Defendants' Motion to Dismiss. ECF 39. The Motion is fully briefed.[1] Also before this Court is Plaintiff's Motion for Leave to File Second Amended Complaint. ECF 54. It also is fully briefed.[2] U.S. District Judge Philip A. Brimmer referred both Motions to this Court. ECFs 40 and 55. Oral argument would not materially assist in the Motions' adjudication. This Court respectfully recommends that Defendants' Motion to Dismiss [ECF 39] be **granted** and that Plaintiff's Motion for Leave to File Second Amended Complaint [ECF 54] be **denied**.

---

1 The briefing consists of the Motion, Plaintiff's Response [ECF 50], Defendants' Reply [ECF 51], and Plaintiff's Sur-Reply [ECF 52].

2 The briefing consists of the Motion, Defendants' Response [ECF 56], and Plaintiff's Reply [ECF 57].

## FACTUAL BACKGROUND[3]

On December 14, 2022, Plaintiff was an inmate in the Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado, and was designated to reside in the Special Housing Unit (SHU) for the purpose of "administrative detention." ECF 15 at 5. Then, in July of 2023, his counselor, Defendant Christensen, assigned to his cell a prisoner who was in the SHU for a different purpose, "disciplinary segregation." *Id.* On the morning of August 13, 2023, Plaintiff's cellmate violently assaulted him in his sleep and caused substantial injury to his jaw, teeth, and tongue.

Plaintiff was hospitalized outside the prison for three days after the attack. ECF 15 at 5. He received 12 screws with plates; his mouth was wired shut; and he received three stitches to his chin and tongue. *Id*.

After he returned to USP Florence, Plaintiff alleges that he was housed in unsanitary conditions. ECF 15 at 5. He received no medical attention for the first three weeks, and during that period, Defendant McGaugh falsified documents to make it look like he had provided care for Plaintiff when he had not. *Id.* (alleging that Dr. McGaugh "never stopped in sh[u] rounds," and he does "not recall an encounter" with him). Defendant Roberts delayed fixing Plaintiff's teeth and nerve damage because he had an annual exam in the near future. *Id*.

The BOP then transferred Plaintiff to a different facility, FCC Victorville, before the completion of the dental procedures related to his injuries. *Id*. As a result of the delays, nerves in

---

[3] For purposes of this ruling, this Court accepts as true the factual allegations—as opposed to any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Amended Complaint [ECF 15]. The Court construes the well-pleaded allegations in the light most favorable to him. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *see also Boulter v. Noble Energy*, 521 F. Supp. 3d 1077, 1082 (D. Colo. 2021) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

his teeth died. *Id*. Seven months after the injury, a dentist at USP Victorville extracted teeth that no longer could be saved. *Id*.

While in BOP custody at Victorville, Plaintiff alleges that he continued to struggle; he then was released from custody without completion of all medical care. *Id*. As a result, he continues to have pain and discomfort in his jaw and pain. *Id*. He now has three permanent screws in his lower jaw. *Id*.

**PLAINTIFF'S CLAIMS**

Plaintiff claims "cruel and unusual punishment through deliberate indifferences" in violation of his Eighth Amendment rights. ECF 15 at 5. More specifically, he brings the following deliberate indifference claims:

1) against Defendant Christensen, a counselor, alleging that Defendant Christensen failed to protect him by making that cellmate assignment.

2) against Defendant Morrow, a medical technician, alleging that she knowingly did not bring him all of the Ensure that he was consuming as his liquid diet.

3) against Defendant McGaugh, a provider, based on the allegation that he falsified the treatment notes that are purportedly dated August 16, November 21, and November 22.

4) against Defendant Roberts, a dentist, for delaying treatment of his dental injuries, which he characterizes as "medical malpractice[e]."

*Id*. He seeks money damages[4] against the named Defendants pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF 15 at 4, 7.

[4] Plaintiff also asks "to have [his] mouth properly attended to for completion." ECF 15 at 7. To the extent this could be construed as a request for prospective injunctive relief in the form of directing the BOP to provide him with medical care, Plaintiff did not plead it as a separate claim or raise it against an official capacity defendant. Nor does Plaintiff address how he can obtain injunctive relief when the BOP no longer is responsible for his current medical care. This Court further notes that Plaintiff does not include that language in his proposed Second Amended Complaint. ECF 54-1 at 3.

## RELEVANT BRIEFING

Defendants bring their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). ECF 39 at 3. They first highlight the Supreme Court's and Tenth Circuit's disfavor of allowing *Bivens* claims. *Id*. at 4-5 (citing *Egbert v. Boule*, 596 U.S. 482, 491 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); *Rowland v. Matevousian*, 121 F.4th 1237, 1242 (10th Cir. 2024)). They distinguish the case of *Carlson v. Green*, 446 U.S. 14 (1980), the only case where the Supreme Court recognized an Eighth Amendment cause of action against a federal official in an individual capacity. *Id*. at 5-8. They also note that the BOP's administrative remedy program independently provides a *Bivens* remedy to Plaintiff. *Id*. at 8-9. Next, they argue Defendant Roberts is entitled to absolute immunity and all Defendants are entitled to qualified immunity. *Id*. at 9-15. Finally, they argue that Plaintiff fails to state a claim. *Id.* at 15.

## GOVERNING STANDARDS

### I. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Tenth Circuit interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110).

"Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith*, 561 F.3d 1090, 1096

(10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. Nor is it the Court's obligation to do litigants' legal research for them "where they have not first provided adequate argument and legal authority themselves." *We Alliance Secured Income Fund, LLC v. Swan*, No. 23-cv-02992-SKC-MEH, 2024 WL 2863805, at *2 (D. Colo. Mar. 25, 2024) (citations omitted).

**II. Fed. R. Civ. P. 12(b)(6)—Failure to State a Claim**

The purpose of Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that a plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

*Twombly* requires a two-pronged analysis. First, a court must exclude from consideration "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory[5] statements, do not suffice." *Id.* at 678. Second, a court should focus on the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. While the Rule 12(b)(6)

[5] "An allegation is conclusory if it states an inference without underlying facts or if it lacks any factual enhancement." *Frey v. Town of Jackson, Wy.*, 41 F.4th 1223, 1233 (10th Cir. 2022) (citing *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)).

standard does not require a plaintiff to establish a prima facie case in a complaint, the elements of each cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint "has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted). *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### I. *Bivens* Does Not Provide Plaintiff with a Cause of Action

*Introduction*

*Bivens* created a cause of action for damages against federal officials who violated an individual's constitutional rights. 403 U.S. at 388. In that sense, *Bivens* serves the same role as 42 U.S.C. § 1983 which created a cause of action to sue state officials for constitutional violations. *Walker v. Hudson*, No. 24-3148, 2025 WL 1577808, at *2-3 (10th Cir. June 4, 2025).

The Court's analysis of a potential *Bivens* claim has two steps, requiring courts to ask: "first[,] whether the case presents a new *Bivens* context" . . . and, second, even if so, do 'special factors' indicate that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 483 (citing *Abbasi*, 582 U.S. at 122). The Court may not fashion a *Bivens* remedy "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id*. (citing *Abbasi*, 582 U.S. at 137).

The Supreme Court has sent a clear message that "recognizing a cause of action under *Bivens* is now a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (quoting *Abbasi*, 582 U.S. at 135) (internal quotation marks omitted). If a court is considering implying a *Bivens* action, "[the] watchword is caution." *Id*. (quoting *Hernandez v. Mesa*, 589 U.S. 93, 101 (2020)). Naturally, the Tenth Circuit has followed along in limiting the expansion of *Bivens*. *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (citing *Egbert*, 596 U.S. at 503) (expanding *Bivens* "is an action that is impermissible in virtually all circumstances."). As noted recently by the Tenth Circuit, "*Bivens* is now all but dead." *Rowland*, 121 F.4th at 1242 (citation omitted).

Therefore, at issue is whether *Bivens* provides an available remedy for the claims that Plaintiff asserts here considering the unfavorable legal landscape.

*Step One - New* Bivens *Cause of Action*

The Supreme Court has implied a cause of action relating to a constitutional claim against a federal official in only three cases. *See Straker v. Stancil*, No. 23-1311, 2024 WL 4381106, at *2 (10th Cir. 2024) (citing *Bivens*, 403 U.S. at 397 (permitting Fourth Amendment cause of action against federal agents that arrested plaintiff); *Davis v. Passman*, 442 U.S. 228 (1979) (permitting a Fifth Amendment sex-discrimination claim); and *Carlson*, 446 U.S. 14 (permitting Eighth Amendment action against prison officials for deliberate indifferent to a serious medical need). In *Carlson*, the plaintiff alleged the following facts:

1) Prison officials acted "against the doctor's orders by keeping the plaintiff in a medical facility that was known to be 'grossly inadequate;'"

2) Plaintiff did not receive "competent medical attention for some eight hours after he had an asthmatic attack;"

3) Plaintiff was "[a]dministered contra-indicated drugs which made [the prisoner's] attack more severe;"

4) Prison officials "attempted to use a respirator known to be inoperative which further impeded the prisoner's breathing," and

5) Plaintiff died as a result.

*Rowland*, 121 F.4th at 1243 (quoting *Carlson*, 446 U.S. at 16, n.1).

This Court liberally construes Plaintiff's Amended Complaint to raise three claims under the Eighth Amendment for failure to provide proper medical care,[6] the same general type that were raised in *Carlson*. *See* 446 U.S. 16. However, the fact that Plaintiff asserts the same type of claim does not mean he may proceed with that claim here. Recently, the Tenth Circuit has affirmed the dismissal of plaintiffs' complaints that were brought as Eighth Amendment claims. *Rowland*, 121 F.4th at 1243 (finding that plaintiff's allegations relating to the treatment of a hernia arose under a new context and were better suited to be addressed by Congress); *Straker*, 2024 WL 4381106 (finding that plaintiff's allegations of a refusal to provide medical care after an inmate assault were not covered by *Bivens*, *Carlson*, or *Davis* and that plaintiff had "an independently sufficient ground" to pursue)). The same is true for the courts in this District. *See Silver v. FBOP*, No. 25-cv-00720-LTB-RTG, 2025 WL 4749556, at *1 (D. Colo. Apr. 14, 2025) (alleging that plaintiff went twelve hours without medical care after being stabbed fourteen times and alleging improper follow-up care), *recommendation adopted*, 2025 WL 4749625 (D. Colo. May 7, 2025); *Lemus-Morales v. U.S.*, No. 22-cv-02501-SBP, 2025 WL 2394393, at *12 (D. Colo. Mar. 31, 2025) (finding plaintiff's allegations of inadequate medical care after an assault to differ from *Carlson* and citing other decisions that likewise declined to provide a *Bivens* remedy for claims of deliberate indifference to medical needs).

[6] Plaintiff's other claim involves a failure to protect brought against Defendant Christensen under the Eighth Amendment.

The facts alleged by Plaintiff here fall far short of the circumstances that *Carlson* addressed. According to Plaintiff's Amended Complaint, Defendant McGaugh, a provider, falsified documents, conduct which is not covered under *Bivens*. *Little v. Arriola*, No. 21-cv-01135-RM-KLM, 2023 WL 9955543, at *6 (D. Colo. Aug. 4, 2023), *recommendation adopted*, 2024 WL 943423 (D. Colo. Mar. 5, 2024)). Plaintiff's other claims include Defendant Morrow's shorting his food supply and Defendant Roberts' delay in "fixing nerve damage and broken teeth caused by the assault." ECF 15 at 5. Neither the Defendants' alleged conduct nor the harm caused by the conduct is on par with what was alleged to have occurred in *Carlson*, which included staff acting against the medical advice of a doctor, administering contra-indicated medications, and using a respirator that actually harmed plaintiff, all of which resulted in plaintiff's death.

Because Plaintiff's claims relating to the medical care he received in custody are materially different from those in *Carlson*, they seek to expand *Bivens* into a new context. The case law mentioned above regards this type of expansion as "impermissible in virtually all circumstances." *Silva*, 45 F.4th at 1140.

Finally, as for Plaintiff's failure to protect claim relating to the cell assignment allowed by Defendant Christensen, it also falls well outside the scope of what the three *Bivens*-related decisions permitted. *See Carlson*, 446 U.S. at 24-25; *Bivens*, 403 U.S. at 397; *Davis*, 442 U.S. at 248-49; *see also Lemus-Morales*, 2025 WL 2394393 at *2, n. 3 (noting that a failure to protect claim was not cognizable under *Bivens*).

As a result, this Court finds that allowing Plaintiff's claims would constitute an expansion of *Bivens*.

*Step Two – Special Factors*

At the second step of the analysis, this Court asks whether there are special factors that counsel against extending the *Bivens* doctrine and whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Rowland*, 121 F.4th at 1242 (internal citation omitted). If such is the case, then *Bivens* does not provide a remedy. *Straker*, 2024 WL 4381106, at *2. One special factor that is dispositive on this issue is "whether there are alternative remedial schemes in place that address the plaintiff's complaints." *Rowland*, 121 F.4th at 1243. The Tenth Circuit has found the BOP Administrative Remedy Program to be one such alternative remedial schemes. *See Silva*, 45 F.4th at 1141. As noted by Defendants, this program was available to Plaintiff while he was in the custody of the BOP.[7] *See* ECF 39 at 8, n.7. Therefore, all of Plaintiff's *Bivens* claims are foreclosed by the BOP's Administrative Remedy Program. *See Silva*, 45 F.4th at 1142; *Straker*, 2024 WL 4381106, at *3; *Noe v. United States*, No. 21-cv-01589-CNS-STV, 2022 WL 18587706, at *2 (D. Colo. Dec. 14, 2022), *recommendation adopted*, 2023 WL 179929 (D. Colo. Jan. 13, 2023), *aff'd*, No. 23-1025, 2023 WL 8868491 (10th Cir. Dec. 22, 2023).

Consequently, this Court finds that Plaintiff lacks a cause of action under *Bivens* by which to bring his claims against the Defendants in their individual capacities. Because this Court finds dismissal on this basis, this Court need not consider Defendants' remaining arguments relating to the plausibility of Plaintiff's claims or whether the Defendants have absolute or qualified immunity.

---

[7] This Court notes that in his proposed Second Amended Complaint, Plaintiff alleges that he "exhausted available administrative remedies through the [BOP] grievance process." ECF 54-1 at 3.

### II. No Leave to Amend

Consistent with the Court's conclusions above, Plaintiff's request to amend his complaint [ECF 54] should be denied. Fed. R. Civ. P. 15(a)(2) governs Plaintiff's request to amend his complaint. Pursuant to that rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, such leave may be denied if the amendment would be futile. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (citing *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)). Futility "is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim." *Barker v. Moss*, No. 21-CV-03439-PAB-NRN, 2022 WL 17534096, at *2 (D. Colo. July 11, 2022) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)).

Given the fundamental nature of the defect with Plaintiff's claims—the lack of a *Bivens* cause of action—this Court recommends that Plaintiff not be given leave to amend. As with his operative pleading, his proposed Second Amended Complaint [ECF 54-1] fails to establish a *Bivens* cause of action. Nor does this Court find that another opportunity to re-plead his claims would overcome the lack of a *Bivens* remedy given the current legal landscape. This is consistent with current Tenth Circuit law. *See Straker*, 2024 WL 4381106, at *3 (affirming the district court's dismissal with prejudice); *Silva*, 45 F.4th at 1142 (same); *Lemus-Morales*, 2025 WL 2394393, at *13 (same).

## <u>CONCLUSION</u>

Accordingly, this Court respectfully **RECOMMENDS**[8] that:

---

[8] This Court hereby advises the Parties of the general requirements for objecting to a recommendation. First, an objection must be timely. The Parties have **fourteen days from the date of this Recommendation** to file any written objection to any findings that it may make or

(1) Defendants' Motion to Dismiss [ECF 39] be **granted** and that all claims be dismissed with prejudice and without leave to amend.

(2) Plaintiff's Motion for Leave to File Second Amended Complaint [ECF 54] be **denied**.

Lastly, this Court recommends that this case be closed.

DATED at Denver, Colorado, this 11th day of August, 2026.

BY THE COURT:



Timothy P. O'Hara
United States Magistrate Judge

any recommendation that it may propose. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). The failure to make a timely objection may bar *de novo* review by the District Judge, and it may result in a waiver of the right to appeal any factual and legal determinations from a judgment of the District Judge that is based on the Recommendation. *See Meier v. Aspen Acad.*, No. 24-1372, 2025 WL 2555832, at *1 (10th Cir. Sept. 5, 2025) (explaining the "firm waiver rule"); *see also Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). Second, an objection must be specific. A general objection that does not put the District Judge on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review). Third, the Parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.