IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00886-PAB-TPO

CHRISTOPHER CARL HENDERSON,

Plaintiff,

v.

CHRISTENSEN,
MCGOUGH,
MORROW, and
ROBERTS,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation [Docket No. 61]. The recommendation addresses the Motion to Dismiss Amended Prisoner Complaint (ECF No. 15) [Docket No. 39] and Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 54]. Plaintiff filed an objection, Docket No. 62, and defendants filed a response. Docket No. 63. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 61 at 2-3, and the Court adopts them for purposes of ruling on the objection. To the extent that plaintiff disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On March 18, 2025, plaintiff filed this case. Docket No. 1. The operative complaint brings claims for money damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of plaintiff's Eighth Amendment rights. Docket No. 15 at 2-4. Generally, plaintiff alleges that, while confined at USP Florence, plaintiff was assaulted by his cellmate and suffered serious jaw and dental injuries which were not properly treated once he returned to USP Florence from the hospital. *Id.* Plaintiff's claim against defendant Christensen arises from defendant Christensen allegedly assigning plaintiff the cellmate who assaulted plaintiff. *Id.* at 2. Plaintiff's claim against defendant McGough arises from defendant McGough allegedly failing to check on plaintiff during his rounds after plaintiff returned from the hospital and falsifying reports to suggest he did check on plaintiff. *Id.* at 3. Plaintiff's claim against defendant Morrow arises from defendant Morrow allegedly failing to provide plaintiff with Ensure, a nutritional beverage, as part of his liquid diet. *Id.* Finally, plaintiff's claim against defendant Roberts arises from defendant Roberts allegedly delaying dental care to plaintiff, causing the nerves in his teeth to die.[1] *Id.* at 4.

On January 19, 2026, defendants filed a motion to dismiss, arguing, among other things, that plaintiff does not have a viable cause of action under *Bivens*. Docket No. 39. On May 19, 2026, plaintiff filed a motion for leave to file a second amended complaint, which, like plaintiff's previous complaints, only brings causes of action under

[1] The recommendation construes plaintiff's claims against defendants McGough, Morrow, and Roberts as claims under the Eighth Amendment for failure to provide proper medical care and plaintiff's claim against defendant Christensen as a claim under the Eighth Amendment for failure to protect. Docket No. 61 at 8. Plaintiff does not objection to this characterization.

*Bivens*. Docket No. 54; *see also* Docket No. 54-1 at 2. On August 11, 2026, Magistrate Judge Timothy P. O'Hara issued a recommendation to grant the motion to dismiss and to deny the motion for leave to amend. Docket No. 61. On April 12, 2026, plaintiff filed a timely objection. Docket No. 62. On August 25, 2026, defendants filed a response. Docket No. 63.

## II. LEGAL STANDARD

### A. Objections to the Magistrate Judge Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is

proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**B. Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then

plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

The magistrate judge recommends granting the motion to dismiss, dismissing plaintiff's claims with prejudice, and denying leave to amend. Docket No. 61 at 6. The recommendation discusses plaintiff's *Bivens* claims as follows:

> *Bivens* created a cause of action for damages against federal officials who violated an individual's constitutional rights. 403 U.S. at 388. In that sense, *Bivens* serves the same role as 42 U.S.C. § 1983 which created a cause of action to sue state officials for constitutional violations. *Walker v. Hudson*, No. 24-3148, 2025 WL 1577808, at *2-3 (10th Cir. June 4, 2025).
>
> The Court's analysis of a potential *Bivens* claim has two steps, requiring courts to ask: "first[,] whether the case presents a new *Bivens* context" . . . and, second, even if so, do 'special factors' indicate that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert* [*v. Boule*, 596 U.S. 482, 483 (2022)] (citing [*Ziglar v. Abbasi*, 582 U.S. 120, 122 (2017)]). The Court may not fashion a *Bivens* remedy "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id*. (citing *Abbasi*, 582 U.S. at 137).
>
> The Supreme Court has sent a clear message that "recognizing a cause of action under *Bivens* is now a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (quoting *Abbasi*, 582 U.S. at 135) (internal quotation marks omitted). If a court is considering implying a *Bivens* action, "[the] watchword is caution." *Id*. (quoting *Hernandez v. Mesa*, 589 U.S. 93, 101 (2020)). Naturally, the Tenth Circuit has followed along in limiting the expansion of *Bivens*. *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (citing *Egbert*, 596 U.S. at 503) (expanding *Bivens* "is an action that is impermissible in virtually all circumstances."). As noted recently by the Tenth Circuit, "*Bivens* is now all but dead." *Rowland* [*v. Matevousian*, 121 F.4th 1237, 1242 (2024)] (citation omitted).

*Id.* at 6-7. Plaintiff does not object to the recommendation's general description of a *Bivens* claim. In fact, plaintiff "recognizes that current Supreme Court and Tenth Circuit precedent significantly restricts Bivens remedies." Docket No. 62 at 1. Instead, plaintiff raises objections to the manner in which the recommendation analyzes his specific *Bivens* claims.

The recommendation notes that the Supreme Court has "implied a [*Bivens*] cause of action relating to a constitutional claim against a federal official in only three cases." Docket No. 61 at 7 (citations omitted). These three cases include a Fourth Amendment claim arising from an arrest, a Fifth Amendment sex-discrimination claim, and, relevant here, an Eighth Amendment claim against prison officials for deliberate indifference to a serious medical need. *Id.* (citations omitted). The Eighth Amendment claim was recognized in *Carlson v. Green*, 446 U.S. 14, 23-24 (1980). There, prison staff were aware "of the gross inadequacy of medical facilities and staff" at the corrections center where an inmate was incarcerated and were aware of the inmate's serious chronic asthma. *Id.* at 16 n.1. Nevertheless, against the advice of doctors, the prison staff kept the inmate in the inadequate facility, failed to give him medical care for eight hours after the inmate had an asthmatic attack, administered contra-indicative drugs which made the asthmatic attack more severe, attempted to use a respirator known to be inoperative which further impeded the inmate's breathing, and delayed transferring the inmate to an outside hospital. *Id.* As a result of these actions, the inmate died. *Id.* The recommendation finds that the facts in the complaint are sufficiently different from the facts in *Carlson* as to present a new *Bivens* context. Docket No. 61 at 8-9.

Plaintiff objects to this finding on the basis that "[h]is medical claims arise under the same Eighth Amendment right recognized in Carlson." Docket No. 62 at 2. But when analyzing a *Bivens* claim, "[t]he inquiry of whether the case arises in a new context is, essentially, a question of whether the facts of the case are 'materially different' from the facts of the recognized *Bivens* claims." *Arroyo v. Hall*, No. 21-cv-01687-CNS-MDB, 2025 WL 843712, at *6 (D. Colo. Mar. 18, 2025) (citing *Rowland*, 121 F.4th at 1242). "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Nally v. Graham*, 551 F. Supp. 3d 1062, 1071 (D. Kan. 2021) (citation omitted). Thus, it is not dispositive that plaintiff's claims arise under the same Eighth Amendment right. What matters is whether the facts giving rise to plaintiff's claims are materially similar to the facts giving rise to the claims in *Carlson*. Plaintiff requests "that the District Court independent determine whether the differences between [his] case and Carlson are legally meaningful differences . . . or instead factual differences." Docket No. 62 at 3. But in a *Bivens* claim, the factual differences are what matters.

The recommendation finds that the claims in this case arise from defendants allegedly falsifying documents, not supplying Ensure, and delaying necessary dental treatment. Docket No. 61 at 9. The recommendation concludes that this alleged conduct and the harm caused by this conduct are not "on par with what was alleged to have occurred in *Carlson*, which included staff acting against the medical advice of a doctor, administering contra-indicated medications, and using a respirator that actually harmed plaintiff, all of which resulted in plaintiff's death." *Id.* Therefore, the

recommendation finds that plaintiff's claims seek to expand *Bivens* into a new context.[2] *Id.* Plaintiff argues that the facts in his case are serious and involve extreme allegations. Docket No. 62 at 2-3. While this may be true, it does not mean that the facts are analogous to the facts in *Carlson*. The Court agrees with the recommendation and finds that plaintiff's claims do not fall under an existing *Bivens* cause of action. Therefore, the Court will overrule this objection.

Next, the recommendation finds that this case involves a "special factor" that counsels against extending the *Bivens* doctrine. Docket No. 61 at 10. Specifically, the recommendation notes that one special factor is "whether there are alternative remedial schemes in place that address the plaintiff's complaints," *id.* (citing *Rowland*, 121 F.4th at 1243, and that "[t]he Tenth Circuit has found the [Bureau of Prison ("BOP")] Administrative Remedy Program to be one such alternative remedial scheme[ ]." *Id.* (citing *Silva*, 45 F.4th at 1141). Accordingly, the recommendation concludes that "all of Plaintiff's *Bivens* claims are foreclosed by the BOP's Administrative Remedy Program." *Id.*

Plaintiff objects on the basis that, in his view, the existence of the BOP Administrative Remedy Program does not bar a *Bivens* claim when the administrative process was exhausted and did not provide a damages remedy. Docket No. 62 at 4. The Court disagrees. In *Silva*, 45 F.4th at 1141, the Tenth Circuit held that "the availability of the BOP's Administrative Remedy Program offers an independent sufficient ground to foreclose Plaintiff's *Bivens* claim." (citing *Egbert*, 596 U.S. at 497-

---

[2] The recommendation cites caselaw indicating other instances where medical indifference claims under the Eighth Amendment were not found to present a *Bivens* cause of action. Docket No. 61 at 8 (collecting cases).

98). Importantly, "it does not matter that 'existing remedies do not provide complete relief' and instead, 'the question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.'" *Hill v. Wade*, No. 20-cv-03658-CNS-MDB, 2023 WL 9375475, at *5 (D. Colo. Dec. 27, 2023), *report and recommendation adopted*, 2024 WL 249099 (D. Colo. Jan. 23, 2024) (quoting *Egbert*, 596 U.S. at 493, 498) (alterations omitted). Therefore, the availability of the Administrative Remedy Program forecloses plaintiff's *Bivens* claims regardless of whether plaintiff recovered any damages through exhausting the Administrative Remedy Program. *See id.* (collecting cases where *Bivens* claims were barred due to the existence of the BOP Administrative Remedy Program); *Mostafa v. Garland*, No. 20-cv-00694-PAB-SKC, 2024 WL 37977, at *12 n.15 (D. Colo. Jan. 3, 2024) (rejecting the argument that the Administrative Remedy Program did not foreclose a *Bivens* claim because the plaintiff exhausted administrative remedies under the Administrative Remedy Program). The Court agrees with the recommendation that the Administrative Remedy Program forecloses plaintiff's *Bivens* claims and will overrule the objection.

Plaintiff objects to the recommendation's finding that plaintiff's claims should be dismissed with prejudice and that plaintiff should not be given leave to amend his complaint. Docket No. 62 at 4-6. Plaintiff appears to argue that, even if his *Bivens* claim is dismissed with prejudice, plaintiff should be able to bring other claims that have not been adjudicated in this action. *Id.* at 5. The recommendation, however, does not discuss claims that have not been adjudicated in this action. Instead, the recommendation finds that plaintiff's motion for leave to file a second amended complaint should be denied because it fails to establish a *Bivens* cause of action.

Docket No. 61 at 11. Plaintiff's proposed second amended complaint only brings claims under *Bivens*. Docket No. 54-1 at 2. The recommendation suggests dismissing plaintiff's *Bivens* claims with prejudice because no "opportunity to re-plead [plaintiff's] claims would overcome the lack of a *Bivens* remedy given the current legal landscape." Docket No. 61 at 11. Therefore, the recommendation does not prevent plaintiff from bringing different claims not adjudicated in this case, but instead focuses on the *Bivens* cause of action at issue in this case. Thus, the Court will overrule this objection.

Plaintiff's next objection focuses on the failure to protect claim brought against defendant Christensen. Specifically, plaintiff "objects to permanent dismissal" of this claim. Docket No. 62 at 7. But plaintiff does not point out any error the recommendation makes when recommending the dismissal of the failure to protect claim with prejudice. To the contrary, plaintiff "acknowledges that the Recommendation relies upon authority concluding that failure-to-protect claims constitute a new Bivens context" and that plaintiff "recognizes that this claim faces a substantial legal obstacle under current Bivens precedent." *Id.* at 6-7. Plaintiff does not identify any way in which his failure to protect claim deviates from the authority the recommendation relies on or how his failure to protect claim would overcome the "substantial legal obstacle" at issue. Therefore, the Court will overrule this objection. The Court agrees with the recommendation's finding that the failure to protect claim "falls well outside the scope of what the three *Bivens*-related decisions permit[ ]." Docket No. 61 at 9 (citations omitted); *see also Lemus-Morales v. United States*, No. 22-cv-02501-SBP, 2025 WL 2394393, at *2 n.3 (D. Colo. Mar. 31, 2025) (stating that a failure to protect claim is not cognizable as a *Bivens* cause of action).

Plaintiff titles his final objection as follows: "THE COURT SHOULD NOT RESOLVE FACTUAL DISPUTES AT THE PLEADING STAGE." Docket No. 62 at 7. But the body of the purported objection notes that "[t]he Recommendation properly states that Plaintiff's well-pleaded factual allegations must be accepted as true at this stage." *Id.* Plaintiff identifies no examples where the recommendation does not adhere to this standard, nor does the Court find any. In fact, the recommendation's focus is on the legal issue of whether plaintiff states a cause of action under *Bivens*. Thus, the Court will overrule this objection.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Objections to Magistrate Judge's Recommendation (ECF No. 61) [Docket No. 62] are **OVERRULED**. It is further

**ORDERED** that the Recommendation [Docket No. 61] is **ACCEPTED**. It is further

**ORDERED** that the Motion to Dismiss Amended Prisoner Complaint (ECF No. 15) [Docket No. 39] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice**. It is

**ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 54] is **DENIED**. It is further

**ORDERED** that this case is closed.

DATED September 10, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge